**Roy HAZELWOOD, Jr., Appellant,**

v.

**Sarah Ellen HAZELWOOD, Appellee.**

Court of Appeals of Kentucky.

Oct. 2, 1970.

John L. Arnett, Faurest, Collier, Arnett, Hensley & Coleman, Elizabethtown, for appellant.

Paul M. Lewis, Hatcher & Lewis, Elizabethtown, for appellee.

PALMORE, Judge.

The parties to this appeal were married to each other in 1950 and divorced in 1968. Two of their five children are now married and emancipated. The other three are in custody of the mother pursuant to the divorce decree, which was obtained by her. After much bickering and several court appearances and orders relating to non-payment of child support money and the father's conduct incidental to his visitation rights the father moved that custody of the children be transferred to him. He appeals from a judgment denying that relief.

■ The evidence under review is in narrative form. The motion does not specify the grounds on which a transfer of custody is sought, but the tenor of the movant's testimony makes it clear that the basis for the motion is the alleged unfitness of the mother. We grant that she appears to have shortcomings as a mother which might justify a transfer of custody to the father if he could make a better showing of fitness on his own part. Unfortunately, the evidence reflects as much or more against his suitability than it does hers. A transfer of custody that would not redound to the benefit of the children certainly could not be sustained.

■ Complaint is made that the chancellor did not make findings of fact disclosing upon what basis he ordered the father to pay $150 per month for the support of three children whereas the divorce decree had directed the payment of only $200 per month for five children. In this connection, the narrative statement of evidence does not indicate that any testimony was given with reference to the needs, earnings and living conditions of the parties. Appellant takes the position that upon its appearing that two of the children were married and emancipated he was entitled to an $80 reduction, representing $40 each, and that it was up to appellee to prove she needed more. We are inclined to believe, however, that the shoe fits the other foot just as well. If the father feels that he is entitled to a reduction in the total monthly amount he is required to pay for the support of a group of children, there is no reason why he should not have the burden of showing how much the decrease should be. Cf. Guthrie v. Guthrie, Ky., 429 S.W.2d 32 (1968).

The judgment is affirmed.

All concur excepting OSBORNE, J., who did not sit.